FILED - USDC - FLMD - FTM
SEP 15 2026 PM3:16

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

PERMON THOMAS

Division- Civil

Vs.

FLORIDA DEPARTMENT OF EDUCATION,

FLORIDA DIVISION OF VOCATIONAL REHABILITATION;

JENNIFER MILKS'
DANIEL LEMAY
ALICIA JONES
PRISCILLA LYONS
KEITH SUTTON

Case No.: 2:26-cv-2546-SPC-KRH

(to be filled in by the Clerk's Office)

July Trial: (check one) Yes

## COYPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non—Prisoner Complaint)

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concems resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

for ofCivil

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma u ris.

1. The Parties to This Complaint

A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. additional pages if needed.

Name: PERMON THOMAS

220 PALM LAKE DRIVE

SANIBEL SANIBEL SANIBEL

City City

County: LEE

Telephone Number: 813-897-4736

E-Mail Address: PERMONTHOMAS@GMAIL.COM

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a govemment agency, an organimtion, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. I

FLORIDA DEPARTMENT OF EDUCATION

Turlington Building, Suite 1514
325 West Gaines Street
Tallahassee, Florida 32399

Email: Commissioner(ki fldoe.org
Phone: 850-245-0505
Fax: 850-245-9667

Official capacity

Defendant No. 2

FLORIDA DIVISION OF VOCATIONAL REHABILITATION

Turlington Building, Suite 1514
325 West Gaines Street

Tallahassee, Florida 32399

Email:Commissionerfi,fldoe.oæ Phone:
850-245-0505
Fax: 850-245-9667

Official capacity

Defendant No. 3 JENNIFER MILKS

Turlington Building, Suite 1514
325 West Gaines Street
Tallahassee, Florida 32399

Email:Commissioner@fldoe.org

Phone: 850-245-0505
Fax: 850-245-9667

* *Official capacity and Individual Capacities**

Defendant No. 4 DANIEL LEMAY

Turlington Building, Suite 1514
325 West Gaines Street
Tallahassee, Florida 32399
Email: issioper.Qi fldoe.oru
Phone: 850-245-0505
**Offcial capacity and Individual Capacities**

Defendant No. 5 PRISCILLA LYONS

Turlington Building, Suite 1514
325 West Gaines Street
Tallahassee, Florida 32399

Email: Commissioner@fldoe.org
Phone: 850-245-0505 ***Official**capacity
and Individual Capacities**

Defendant No. 6 ALICIA JONES

Turlington Building, Suite 1514
325 West Gaines Street
Tallahassee, Florida 32399Email: Conunissioner(å) fldoe.ort'

Phone: 850-245-0505

DEFENDANT NO. 7 KEITH SUTTON

Turlington Building, Suite 1514

325 West Gaines Street

Tallahassee, Florida 32399

* *Official capacity and Individual Capacities**

8. Venue is proper in the Fort Myers Division under 28 U.S.C. 1391 because:

- o Plaintiffs surgery was scheduled in Port Charlotte (Charlotte County);

- o VR actions occurred in Charlotte County and LEON CountIES

O Plaintiff suffered harm in these districts.

11. Basis for Jurisdiction

Under 42 U.S.C. 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under Bivens v. Six Unknown IVcvned Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights. This Court has jurisdiction under 28 U.S.C. 133 1, 1343, and 1367.

Are you bringing suit against (check all that apply)'.

☐Federal officials (a Bivens claim)

** State or local officials (a 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

## LEGAL CLAIMS

### COUNT 1-

VIOLATION OF TITLE 11 OF TI--IE AMERICANS WITH DISABILITIES ACT (Disability Discrimination, Denial of Benefits, Failure to Accommodate) (Against Defendant

Florida Depaftrnent of Education, Division of Vocational Rehabilitation)

1. Plaintiffis an individual with a disability as defined by 42 U, S.C. ss 12102.
2. Defendant VR is a "public entity" under 42 U.S.C. S[R] 1213 1 (l).
3. Plaintiff was qualified to receive VR services, including medical restoration, IPE development, informed choice, and self-employment services.
4. VR denied Plaintiff meaningful access to its programs by:

a. canceling medically necessary surgery; b. refusing to approve surgery for fabricated reasons; c. refusing to provide required VR rules, IPE rights, and infomed choice; d. refusing to provide accessible formats; e. delaying authorimtions; f. refusing to provide post-surgery inpatient care despite policy allowing it; g. transferring Plaintiffs case to obstruct surgery; h. denying Plaintiffs right to panicipate in IPE development; i. delaying self-employment services based on disability-related medical needs.

5. These actions constitute discrimination "by reason of disability" under 42 U.S.C. s 12132.
6. VR acted with deliberate indifference to Plaintiffs federally protected rights.
7. Plaintiff suffered damages as a direct and proximate result.

**COUNT 11-**

pageof32

ADA TITLE 11 RETALIATION (42 U.S.C. SS 12203) (Against All Defendants in Offcial Capacities)

8. Plaintiff engaged in protected activity by:

a. assening his ADA rights; b. requesting accommodation; c. filing complaints with the Ombudsman; d. challenging VR's unlawful delays and fabricated rules.

9. Defendants retaliated by:

a. canceling Plaintiffs January 23, 2023, surgery; b. transferring his case to Tallahassee; c. inserting punitive notes into his IPE; d. warning him not to contact his surgeon; e. delaying authorimtions; f. denying self-employment progress; g. refusing to send him back to Dr. Gabauer.

9. These actions would deter a reasonable person from asserting ADA rights.
10. Defendants acted intentionally and with reckless disregard. I I. Plaintiff suffered damages as a result.

**COUNT 111 -**

VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

(29 .S.C. 794) (Against Defendant VR)
(30

12. VR receives federal financial assistance.
13. Plaintiff is an individual with a disability under Section 504.
14. VR discriminated against Plaintiff solely by reason of disability by:

a. denying medically necessary surgery; b. refusing to provide accommodations; c. delaying IPE development; d. refusing to provide informed choice; e. refusing to provide post-surgery inpatient care; f. transferring Plaintiffs case to obstruct care; g. denying equal access to selfemployment services.

15. VR acted with deliberate indifference.
16. Plaintiff suffered damages.

## COUNT IV -

42 U.s.c. 1983 - FOURTEENTH AMENDNfENT
(Due Process & Equal Protection Violations) (Against Defendants Milks, LeMay, Jones, and Lyons in Their Individual Capacities)

17. Defendants acted under color of state law.

Defendants deprived a. arbitrarily canceling medically necessary surgery; b. fabricating rules not found in VR policy; c. refi.tsing to provide required VR rights; d. denying Plaintiff equal access to VR services; e. treating Plaintiff differently from similarly situated individuals; f. transferring his case to obstruct medical care; g. imposing conditions (housing, taxes, transportation) not required by law. They treated Plaintiff differently from similarly treated individuals. Retaliated against me when I filed protected complaints. My disability rights were denied without due process.

18. These actions were arbitrary, capricious, and without legitimate governmental purpose.
19. Defendants acted intentionally, maliciously, or with deliberate indifference.

20. Plaintiff suffered damages.

## COUNT V_

42 U.S.C. 1983 - FIRST AMENDMENTRETALIATION
(Against Defendants Milks, LeMay, Jones, and Lyons in Their Individual Capacities)

21. Plaintiff engaged in protected speech by:
a. filing complaints with the Ombudsman; b. challenging VR's unlawful actions; c. requesting accommodation; d. asserting his rights under ADA/504.
22. Defendants retaliated by:
a. canceling surgery; b. transferring his case; c. adding punitive IPE notes; d. delaying authorizations; e. refusing to send him back to his surgeon; f. obstructing self-employment progress.
23. Defendants' actions were motivated by Plaintiffs protected speech.
24. Defendants' retaliation caused Plaintiff harm.

## COUNT VI -

MONELL LIABILITY
(Policies, Customs, Failure to Train) (Against Defendant VR)

25. VR maintained policies, customs, or practices that caused the violations, including:
a. cost-based denial of medical restoration services; b. systemic delays in IPE development; c. failure to train counselors on ADA/504; d. retaliation against individuals who complain; e. refusal to provide informed choice; f. refusal to provide required VR rules; g. improper case transfers to avoid providing services.
26. These policies were the moving force behind the constitutional and statutory violations.
27. VR acted with deliberate indifference.

## COUNT VII–

DECLARATORY INJUNCTIVE RELIEF
(Against All Defendants)

28. An actual controversy exists regarding VR's ongoing violations.
29. Plaintiff seeks declaratory relief that Defendants' actions violated ADA, Section 504, and the Constitution.
30. Plaintiff seeks injunctive relief requiring VR to:
a. complies with ADA/504; b. cease retaliation; c. provide informed choice; d. reform medical restoration procedures; e. train staff on disability rights; f. prohibit fabricated rules and unlawful delays.

c. Plaintiffs suing under Bivens may only recover for the violation of ceftain constitutional rights. If you are suing under Bivens, what constitutional right(s) do you claim is/are being violated by federal offcials?

(7

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territ01 Y or the District of Columbia. ' 1 42 U.S.C. 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under Bivens, explain how each defendant acted under color of federal law. Attach additional pages if needed.

**PARTIES**

1.Plaintiff, Permon Thomas, is a resident of Florida and an individual with a disability under the ADA and Section 504.

2. Defendant Florida Department of Education, Division of Vocational Rehabilitation (VR") is a public entity receiving federal financial assistance.
3. . Defendant Jennifer Milks was a VR counselor acting under color of state law at all relevant times.
4. 4. Defendant Daniel LeMay was a VR counselor acting under color of state law at all relevant times.
5. 5. Defendant Alicia Jones was a VR supervisor acting under color of state law at all relevant times.
6. 6. Defendant Priscilla Lyons was a VR supervisor acting under color of state law at all relevant times.
7. 7. Defendant Keith Sutton was a VR supervisor acting under color of state law at all relevant times.

All individual Defendants are sued in their individual and official capacities.

**111. Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations ofall relevant events, You Inay wish to include funher details such as the names ofother persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is assefted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

# DENIAL/DELAY OF MEDICALLY NECESSARY SURGERY

**a.** Misleading telling Plaintiff Maintenance Housing doesn't apply to him regularly or post-surgery, only to students; **b.** Fabricated post-surgery rules to deny inpatient care post surgery; **c.** Failed to advise Plaintiff he could participate in developing IEP; **d.** Not providing Plaintiff with V.R. rules and IPE information; **e.** Failing to advise Plaintiff of his informed choice rule; **f.** Delaying developing IPE because she was erroneously waiting on taxes; **g.** Telling Advanced Orthopedics Vocational Rehab doesn't pay for post-surgery inpatient care ; **h.** Cancelling surgery; **i.** Transferring case prior to surgery

## Jennifer Milks

### ***Plaintiff's severe spinal disability and VR Legal Obligation***

1. On Plaintiffs November 3, 2022 MRI Plaintiff was diagnosed with L4-L5 , disc herniation producing a severe cenüal spinal canal stenosis, with likely compression of the left — sided nerve roots of the cauda equina. L5 nerve root coursing in the left lateral recess, and L4 nerve root in the left neural foramina (Exhibit- A VR,s Awares - System Case notes)

2. On November 16, 2022, Dr. Gebauer, Gregory examined the above MRI and the Plaintiff with the November 3, 2022 X-Rays also then ordered a back fusion surgery scheduled for January 23, 2023. (Ehibit- B, and (Exhibit- A VR,s Awares - System Case notes)

***Defendant Milk's Early Obstruction and Failure To Provide Required Rights and Treatment***

3. On November 17, 2022 Plaintiff forwarded an email to defendant Milks, stating, "Hi Ms Milkes, I did see the orthopedic doctor yesterday who requested surgery for my condition. I was late to the appointment as the wrong address was on the paper but he still saw me. (Exhibit- C, and (Exhibit- A VR,s Awares - System Case notes))

4, Defendant Milks sent an email to plaintiff on Nov 18, 2022, 8:25 AM, stating, "Hello, Let's set up an apt to talk. Additionally, I understand we give a lot of information to people in the first few appts but to review again, we have 2 months for eligibility and 3 months to develop a plan. Plan development is about collecting information therefore, I do not commit to o specific goal until all of the data is collected. (Exhibit-D, and (Exhibit- A VR,s Awares - System Case notes)

5. On Nov 18, 2022 at 8:25 AM Plaintiff forwarded an email to defendant Milks, Jennifer M , stating, "Also, has surgery been approved? I can 't take this pain. Have a great day mam and I look forward to meeting with you next week. (Exhibit-E, and (Exhibit- A VR,s Awares - System Case notes)

6. Permon Thomas Sent an email on Monday, November 21, 2022 9:14 AM to defendant Milks Subject: Our phone conversation response. Stating, Dear Ms Milks, this email is in regards to our phone conversation Friday in response to my last email that you described as unfriendly .and that if the department's regulations were adhered to in our first meeting then we could have been further along in the process. To me it seemed from the beginning that you don't think that i am entitled to an informed choice about my employment outcome as vr says i am, but rather your sole choice. A couple examples of what makes me fee/ this way is when we talk and you tell me certain things and i research them later and find out that the information is contrary to what you've told me it is.... You said you have to look at my 2021 taxes to see if i have to share in the cost of vr sen./ices and so far i have to pay 10% of the services, though the second line under financial participation says this, "A person with no income or those who receive SSDI or SSI do not have to pay for VR services. " Well mam / am not working and have no income coming in'. You said i'm just 45 days into the program and we have up to 90 days to complete the ipe, but the department says, "<u>Your counselor must work to finish your IPE as soon as possible"</u> but no longer than 90 days. It does't seem like you are concerned with the soon as possible portion ofthat statement and want

to drag it out to the 90 day mark. I also asked if you a/l can assist with housing and you said no we don't provide that We//, below the department of education says you can assist in this area, "Maintenance support such as housing, clothing or food that is beyond your normal living expenses and required for your participation in assessment services or other sennces as listed in the IPE[iii] . ..As i told you i'm about to be homeless again and now is technically homeless. Plus delaying the ordered surgery is also delaying my ability to get back to work. "d really hate to think that I'm being racially discriminated against or discriminated against as a disabled person in violation of the ADA Act. . . (Exhibit- F, and (Exhibit- A VR,s Awares - System Case notes)

### *Ombudsman Confirms Vr 's Violation*

7. In response to Plaintiffs November 18, 2022 email, the Defendant Milkes responded in her November 21 , 2022 email, "...Hello Permon, ....1 am currently waiting for your taxes in order to develop your plan as I am not able to put the services you requested in the plan until I have proof of income. This is due to these services being non-exempt... 'beyond your normal living expenses" We are a short term program and you vvill need to establish stable housing. As I mentioned there are several homeless programs in the community that you should explore. Besides the Salvation army, there is also the Homeless Coalition[w].. This is part of the reason I mentioned job placement now and looking at self-employment in the future. "to pay 10% of the services" As I said on Friday, I do not think this is going to be an issue from vvhat you have veported.... (Exhibit-G, and (Exhibit- A VR,s Awares - System Case notes)

8. On or about November 22, 2022 Plaintiff called the Umbudsman Clemons Wheeler complaining about his counselor defendant Milk's insistence on getting Plaintiffs taxes from previous year though they were not available and that vr rules alloweda waiver of the taxes provision if his employment situation had changed.

(Exhibit- ____, and (Exhibit- A VR,s Awares - System Case notes)

### *Defendant Milk 's Fabricates Rules To Block Surgery*

9._ Mr. Wheeler told Plaintiff Thomas that yes there was a provision in vr rules that allows waiver of the inconne verification through previous year's taxes and that he would advise her of that plus that he recognized on the computer that she had not issued an PE to me advising me all of my rights by rule including the right to participate in the development of my IPE. He said he would advise her of the waiver rule and also advise her to forward me a IPE and the rules of vr

Particilarly with the rules advising me that I could do my IPE or participate in it's development.

10. In his November 22, 2022 email, Plaintiff again stated to defendant Milks, "Hello Jennifer M. this to make a declaration that my financial situation has changed since April 5, 2022, my last pay date. ..But I am no longer employed and have this disability I'm dealing with. Can you request an exemption of the tax retum as I am unemployed and need to proceed with the self employment program?.. " (Ehibit-I, and (Exhibit- A VR,s Awares - System Case notes)

11. On November 22, 2022 Ombudsman Thomas Clemons Wheeler sent Plaintiff an e-mal, stating, "Good afternoon Mr. Thomas, As we discussed, I am providing you with a link to our policy section on the website. Chapter 9 covers our policies regarding financial participation. This includes the requirement for obtaining most recent income tax returns. In addition, it does provide the justification for requesting modification to the Financial Participation at any time to adjust for changes in income or other economic circumstances. You can find our policies listed at: Disability Policies and Procedures - Florida VR (rehab works.org) I have emailed your counselor and the unit supervisor to let them know that you need a copy of the IPE Planning Worksheet. In addition, I have let them know your concerns regarding Financial Participation in regards to your current employment status. Please let me know if you have any additional questions. I will reach out to you as soon as I do hear from your local office staff. Wheeler Clemons MS, CRC. (Exhibit-J, and (Exhibit- A VR,s Awares - System Case notes)

***Defendant Milk's Cancel 's Plaintiff's Surgery In Retaliation***

12. On November 29, 2022 after being informed by Plaintiff and_Ombudsman Wheeler that the tax requirement could be waived because Plaintiff was not working , defendant Milks wrote: Hello Permon, It was nice speaking with you. To follow up on our discussion yesterday, I wanted to send an email with a summary of our discussion. I understand you are meeting with Hand R block today to complete your taxes and per your understanding Hand R block believes they can complete your taxes under an independent contractor status as you reported that ADP is refusing to give you the W2 as they are still waiting for payment from Ministry. If H and R block is unable to complete your taxes today we will meet tomorrow to discuss. Some current

suggestions include: contacting the IRS to have them contact ADP for your W2 as this may help you receive it, Provide H and R block with your final pay stub for 2021 if you can locate it as it will have your YTD info. Get your bank statements to assist with linkage to community services for your income- Provide me with the Letter of Denial from Virginia B Andes and follow up with them for ongoing care. Provide me and Hand R block with your 2020 taxes as this may have helpful information. In addition, I understand why you and your wife are concerned with applying for food stamps and completing her taxes due to her immigration status and I understand this is a long and difficult process. If you would like me to look into resources such as immigration assistance please let me know and I will see if I can locate any support for your family. I understand you are eager to move forward with plan development and I would be happy to put a plan in place now with Exempt services. However, as we discussed the services you are requesting are physical restoration and self employment which are non- exempt and do require proof of income. Best Regards,(EXHIBIT-K, and (Exhibit- A VR,s Awares - System Case notes)

13. On December 14, 2022, after the Ombudsman Wheeler corrected her for not completing an initial IPE, and directing her to do so and provide it to the Plaintiff, Defendant Jennifer Milkes stated in her first IPE, "Customer will maintain contact with VRC advising her of any changes including health and/or living situation which might impact services. Customer understands he will need to have and maintain housing in order to schedule surgery...Customer understands that he is responsible for transportation to and from surgery...... Customer understands he will need to pay for medications and VR will not assist with this... " (Exhibit- —L, and (Exhibit- A VR,s Awares - System Case notes)

14. On December 19, 2022, Defendant Milkes wrote in an e-mail, Hello, Yes it will be good for you to have information on the level ofcare you will need post surgery so you can make plans. I have also emailed them for info on what pre surgery clearance they will need. I have found a provider that does telehealth. Rashawn Thomas. I can add her to your plan and make referral if you like. " (Exhibit- M, and (Exhibit- A VR,s Awares - System Case notes)

14. On December 20, 2022, Plaintiff wrote a e-mail to Defendant Mikes, stating, "Good morning Miss Milks advanced orthopedic lady called me yesterday afternoon and said they have not gotten the approval from DVR for surgery so therefore

they cannot schedule the surgery or the other things that we inquired about. "(Exhibit-N, and (Exhibit- A VR,s Awares - System Case notes)

15. Ms Milkes responded that same day in her December 20th response, "Hello Permon, You need to tell me that you have stable housing before we can move forward. I can assist with getting more data about post surgery care if needed. Let me know ifrou would like to discuss further (Exhibit-O, and (Exhibit- A VR,s Awares - System Case notes)

16. Defendant Milks forwarded Plaintiff an email on January 12, 2023, stating, Hello, I am in a few apt this afternoon but I can call you tomorrow. If you are recovering in Tally I cannot keep the case in PC. You will need to have your case transferred to Tally and establish with medical providers there. We would cancel the surgery here.. There are several reasons this will not be feasible but I can explain more tomorrow. Transfer is fine if that is what you would like to do and the process would be a little quicker to get reestablished but you would need a medical provider established through a medical doctor/vendor in Tally. (EXHIBIT-P, and (Exhibit- A VR,s Awares - System Case notes)

17. In a January 12, 2023 e-mail, Plaintiff advised Defendant Milkes, "Also, I would like to transfer my recovery to Tallahassee. I have another address for you rather than doing it in Fort Myers please call me " (Exhibit- Q, and (Exhibit- A VR,s Awares - System Case notes)

18. Later that day Plaintiff sent Defendant Milkes another e-mail stating, "ill endure the ride be around good people who love me and care for me with my own room and space. Where I'm at is not really good. " (Exhibit- R, and (Exhibit- A VR,s Awares - System Case notes)

19.On several occasions the Plaintiff had called the Orthopedic office asking them about the approval of the surgery and why post surgery inpatient care and physical therapy wasn't available, they said the VR counsellor said she was going to cancel the surgery and that vocational rehabilitation doesn't pay for any post surgery inpatient care. (Exhibit- S - SWORN AFFIDAVIT, and (Exhibit- A VR,s Awares - System Case notes)

20. .Defendant Milkes called the Plaintiff and warned him about calling the orthopedic office inquiring about the surgery. (Exhibit- ___, and (Exhibit- A VR,s Awares - System Case notes)

21. Then in an e-mail on January 17, 2023 in retaliation the Defendant Milkes put in Plaintiffs IPE the following note to make the Plaintiff look out of control to Tallahassee staff members "The customer understands that he must demonstrate professional and appropriate behavior in order to have further VR services authorized. The customer understands that calling VR vendors three times in an hour is not acceptable behavior. The customer understands demonstrating appropriate behavior

justifies continued services towards his specific employment goal. " (Exhibit-T, and (Exhibit- A VR,s Awares - System Case notes)

22. Prior to the scheduled January 23, 2023 Back Fusion Surgery, Advanced Orthopedic staff members called the plaintiff stating that Dr. Gabauer was ready to do the surgery but that they hadn't gotten the approval from Vocational Rehabilitation. The Plaintiff advised them that the Defendant Milkes said that she was going to cancel the surgery because she was transferring Plaintiffs case to Tallahassee even though I told her I wanted to proceed with the surgery. (Exhibit- Sworn Affidavit __, and (Exhibit- A VR,s Awares - System Case notes, and (Exhibit- A VR,s Awares - System Case notes)

23. The nurses said that was my decision to make and not hers and that they would call her and let her know that Dr. Gabauer was still scheduled to do the surgery and that the Plaintiff wanted to proceed with the surgery. (Exhibit- — Sworn Affidavit)

24. .Defendant Milks canceled Plaintiffs January 23, 2023 back fusion surgery and transferred Plaintiffs case to Tallahassee, Florida.

***Defendants Lemay: Jones and Lyons Continues The Pattern OfDelays and denials***

25. Daniel Lemay **a.** Failed to inform of informed choice; **b.** Refused to send Dr. appointment authorizations to TOC; **c.** Delayed surgery with TOC; **d.** Refused sending back to Dr. Gabauer

26 After several cancelled appointments, several rejections of physical therapies required for surgery, and numerous setback of the surgery, Plaintiff requested to his VR counselor Defendant Lemay to send him back to the Charlotte County Surgeon, Dr. Gregory Gebauer which were denied. (During this time, Advanced Orthopedic staff continued to advise Plaintiff that Dr. Gabauer was still willing and ready to do the surgery). (Exhibit- —)

27. Defendant Lemay advised Plaintiff in a phone conversation that they couldn't send Plaintiff back down to Charllote County, but that he would see if he could find a hospital Orthopedic in Tampa, Jacksonville, or Gainesville that could do the surgery.

28. Plaintiff Thomas sent an email on November 7, 2023 To Defendant LeMay, asking, "Daniel can VR pay for a hotel for 4 to 6 weeks and a nurse until I can get back on my feet after surgery?" . (Exhibit- _) (Surgery was already recommended) (Exhibit-D

29. On Tue, Nov 7, 2023 at 11:01 AM LeMay, Daniel wrote: "Good morning, in regards to surgery, VR would need a recommendation from the doctor that surgery is recommended at this time and that you are cleared for the surgery. We can request your most recent records again from TOC, or you can call them and ask them to send those recommendations over to YR. With regards to the hotel and nurse, if the surgeon requires in patient care, then VR can explore that possibility and proceed according to doctor's orders. Please remember that your insurance will be the primary payer for any surgery and VR will be the secondary payer. Thank you, Daniel LeMay, MS, Vocational Rehabilitation Counselor. " (Ehibit-

30. Plaintiff Permon Thomas sent an email on November 8, 2023 To Defendant LeMay, "Subject: Re: surgery options: Did you find a place yet in Tampa or Gainesville or Jacksonville yet like you said? Thanks. " (Exhibit- _)

31. On Wed, Nov 8, 2023 Defendant LeMay, wrote: "Good morning, Permon i responded to you after that discussion and my research. If we have a local vendor who can provide that service, we cannot send you elsewhere for the same service. That would be not be considered fiscally responsible from the VR policy perspective. Thank you,Daniel LeMay, MS, NIC. " (Exhibit—)

32. Plaintiff Thomas sent an email on Nov 8, 2023 Subject: Re: surgery options To Defendant LeMay, stating, " I'm sorry, did not get that response. The last I remember on the conversation was that you were going to fry to find a provider in those areas. We never spoke again about this. And by the way you said you don't have any other vendors in this area that's why you were going to check out these areas. I spoke to dr gabaures office in port Charlotte who I was scheduled to have the surgery with back on January 23rd and they say he maybe willing to do it now but they are checking for me and will call me back. Is that possible?. (Exhibit—)

33. On November 9, 2023 Defendant Lemay responded: "Good afternoon, Permon, we have been sending you to Dr. Lee who is the local provider. If we can get his approval for surgery, then there is no need to go anywhere else. He will make sure that you are cleared for surgery and let VR know what is needed for pre-surgery, surgery, post-surgery/recovery. Vocational Rehabilitation can handle your needs locally." (Exhibit-______)

***Alicia Jones Priscilla Lyons = a. Refused to send me back to Dr. Gabauer for surgery for cost reasons,;***

34. On or about____________________while inspecting his VR file, Plaintiff asked Defendant Lyons to please send him back to Charlotte County Advanced Orthopedic Dr. Gabauer for the surgery.

35. Defendant Lyons response to the Plaintiff was , "no, we've spent too much money and time with TOC and am not going to start all over with a transfer ". (Exhibit- )

ase Update Jones, Alicia E.<Alicia.Jones@vr.fldoe.org>
3/12/2025 PMTo: permonthomas@gmail.com

Encrypt: This message is encrypted. Recipients cant remove encryption.

36. Good afternoon! This email is to update you as agreed once a week. We received a response from CVS corporate office and are working with them to get the outstanding charges satisfied before transferring your case. Just a reminder, I cannot submit your file for transfer until these outstanding bills are at "O". Also, as a reminder of the VR process, once we have this resolved, I will submit a request to Mr. Sutton to contact the Area office in the city you previously requested. I wont be able to submit request for authorizations until your case is transferred. Please respond to his email if you have further questions.

Permon Fri, Mar 14, 3:27 PM

Thomas
<permonthomas@gmail.com
> to Alicia, Priscilla

37. Hi , I would like a administrative review for the denial of transferring my case supposedly because an outstanding balance hasn't been paid to CVS for medication I already got. I spoke with the pharmacist and she said tie same thing I said to you Ms Priscilla, there can't be an outstanding balance if they gave me the medication. If it is then your department is at fault and need to correct it by paying them if you received the authorization back from them signed. Administrative Review please

38. On April' 15, 2024 in an email to Disability Rights advocate Arthur Moody, Plaintiff wrote the following: Surgery Denial and hindrance to start business Good morning Thomas, this email is to address two related issues, I.e., denial of surgery by both vr counselors and lack of surgery being used to deny approval of benchmark #4. I was scheduled for back fusion with Dr Gabauer for January 23rd 2023. Jennifer Milks and I thought I needed to be in a better environment for post surgery recovery. I asked her if there was some type of housing available to me under maintenance or could I stay in the hospital for a few and she said no, I have to find family for that because vr doesn't provide that. I then was offered to come to Tallahassee with friends and I agreed and advised Jennifer of the arrangements. She said then she was going to cancel the surgery. I said ok. Shortly afterwards I advised Jennifer that I wanted to proceed driven to Tallahassee after the surgery. She said no, she was canceling the surgery. The nurses from Dr Gabourer office called me numerous times advising me that they were ready to do the surgery and Jennifer should not deny me the right to proceed. The nurses said they talked to Jennifer several times about not canceling the surgery but she did anyway. She refused to the end and I transferred to Tallahassee. Not once did she advise me that vr could provide post-surgery housing and medical care officials for my recovery right there in Charlotte County. When I got to Tallahassee the Orthopedics ' office called me and canceled my appointment after Daniel Lemay kept failing to fax TOC the authorization for the appointment. My next appointment was set months away. I still haven't had surgery and now it's being used to prevent me from being approved to advance to benchmark 4 to benchmark 5 in my self-employment process. Based on a vocational report they are saying I I have to be physically restored by surgery or be released by a medical doctor before they can approve me to move forward with self-employment though they have already approved approved me to work in a regularjob which I've been working. Unfortunately, I got fired two days ago,

This is exactly why I applied for self-employment, at least one of the reasons. So, my request is that this requirement be removed as a requirement for me to proceed to the next benchmark 5, I.e., getting approval from a doctor to return to work. There's still 3 more benchmarks left which all are going to take considerably a good while to finish. Even though I am asking this requirement to be removed so I can move to benchmark 5, I still can provide that later before the other benchmarks are completed. First of all, the Dr said he can't give me a with the surgery because I couldn't wait. I would either stay where I was at or be letter until I have my first physical therapy and get the report. And me and my counselor are having a hard time scheduling a physical therapy appointment. Also, I had a physical therapy appointment scheduled about 2 months ago and they refused to see me because they said they didn't take vr people, to which vr supervisor Priscilla Lyons corrected for future reference. The lack of physical restoration is not my fault. I've been approved to work a regularjob. My business doesn't require strenuous work! Please move this out of the way as a barrier to proceeding to benchmark #5. Thanks (Exhibit- —4)

39. On May 20, 2024 the Plaintiff forwarded a e-mail to Defendant Lyons titled:

"Request For Surgery Dr. Gabearer Charlotte County Good morning Priscilla Lyons. I know you explained to me on several occasions that the reason you al/ cant send me for surgery in Charlotte County back to Dr Gabauer because you've spent a lot of money with TOC already and for that reason can't send me back down there. Well I spoke with Advanced Orthopedic again who explained that the most it would take for me to see the doctor there is 5 weeks, and like before with the current imaging he will order surgery and set a surgery date asap for the surgery. This is versus the the continual delays with TOC (sometimes with misinformation) for various reasons that has been well over a year since I've been with TOC. I'm in continuous and constant pain that's affecting my every day life. The compression on the spine causes numbness in my legs as well. If no corrected could lead to permanent nerve can be avoided by returning back to dr Gabauer. Thank you for your reconsideration. (Exhibit- U)

39. Plaintiff forwarded another e-mail on August 1, 2024 to defendant Lyons titled: Request For Decision Letter Regarding Request Request For Surgery In Charlotte County, Both explaining his desire to return to Charlotte County for the surgery due to the constant problems, delays, misinformation and ill treatment by Tallahassee Orthopedic "At your direction I write this email requesting a decision why you are denying me to go back to Dr Gabourer for the back fusion surgery rather than at TOC. I've explained the expediency of Advancing Orthopedic in Charlotte County in scheduling surgery as well the two different kinds of surgery they will do versus the kind TOC wants to do with the long wait I have to wait to get the surgery with a/l the requirements that Dr Gabauer does not require. I've had a lot of letter inconsistencies with TOC. Please send me for surgery to Advanced Orthopedic in Charlotte County without having my whole case transferred or provide me with the denial decision letter". (Exhibit-V)

40. Plaintiff made an appointment with Advanced Orthopedic Dr. Gregory Gabauer and advised Defendant's Lyons and Jones. (Exhibit- ---)

41. In defendant Lyons September 13, 2024 e-mail response she stated, "Mr. Permon, Since you scheduled the appointment with Dr. Gabauer, we will need to know how much your co-payment will before the visit on September 18, 2024 ...Per our conversation, VRI will only cover your insurance co-payments for inpatient hospitalization and rehabilitation services. We will also cover insurance copayments for your post -op visit and medication needed after surgery. Transportation will not be covered since it was your decision to travel back to Port Charlotte for your surgery and not utilize the comparable services at TOC.....(Exhibit- W)

42. 3/12/2025 Alicia Jones wrote:

Good afternoon! This email is to update you as agreed once a week. We received a response from CVS corporate office and are working with them to get the outstanding charges satisfied before transferring your case. Just a reminder, I cannot submit your file for transfer until these outstanding bills are at "O". Also, as a reminder of the VR process, once we have this resolved, I will submit a request to Mr. Sutton to contact the Area office in the city you previously requested. I wont be able to submit request for authorizations until your case is transferred. Please respond to his email if you have further questions.

43. This Plaintiff relocated from Tallahassee Florida back to Charllotte County Florida and had the back fusion surgery by Dr. Gabauer on December 9, 2024. (Exhibit—X)

44. On December 16.2024 the Plaintifras released from Fawcett Hospital after surgery to Village Place Rehabilitation to begin his post-surgery rehab where he was discharged on January 1 7, 2025. (Ehibit- Y)

45. Vocational Rehabilitation paid for co—payments at the post surgery in patient Rehabilitation facility and post surgery physical therapy contrary to what Defendant Milks advised Plaintiff and Advanced Orthopedic Center it doesn't do.

## SEE FULL FACTUAL ALLEGATIONS - APPENDIX

## v. Relief

state briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

**DAMAGES CLAIMED**

As a result of the foregoing injuries and violations of Plaintiffs constitutional, statutory, and common law rights, Plaintiff respectfully requests that this Court enter judgment in Plaintiffs favor and against Defendants, jointly and severally where applicable, for the following damages:

**Category of Damages** **Estimated**

**Amount**

1. Compensatory damages for physical injuries, bodily pain, and In an amount to be physical suffering sustained as a direct result of Defendants' conduct, proven at trial, including past and ongoing pain attributable to the incident and to estimated at no less the worsening of Plaintiffs pre-existing conditions. than $[2,000,000.00] a piece each defendant.

2. Compensatory damages for emotional distress, psychological harm, In an amount to be mental anguish, humiliation, and loss of enjoyment of life sustained proven at trial, as a direct result of Defendants' conduct estimated at no less than $[2,000,000.00l a piece each defendant.

3. Economic damages including past and future lost wages, loss of In an amount to be employment benefits, diminished future earning capacity, and out-of-pocket COSB incurred as a result of Defendants' conduct. proven at at trial, estimate defendant's conduct at no less than $ 500,000.00 apiece each defendant.

| | | | |
|---|---|---|---|
| 4. | Past and future medical and mental health treatment all costs of care necessitated by or attributable to<br><br>Defendants' conduct proven at trial,estimated at no less than $[100,000.00 a piece each defendant. | In an amount to be | |
| 5. | Nominal damages for each constitutional violation proven at trial, as recognized by the Supreme Court in Carey v. Piphus, 435 US. 247 (1978), as vindication of Plaintiffs civil rights. | As determined by the jury<br><br>the Court | |
| 6. | Punitive damages against individual Defendants, personally, in an amount sufficient to punish each Defendant for reckless or callous indifference to Plaintiffs federally protected rights and to deter similar conduct, consistent with Smith v. Wade, 461 U.S. 30 (1983). | In an amount to be determined by the jury. | |

7. Injuncäve and declaratory relief requiring Defendants to comply Non-monetary; as with their obligations under Title II of the Americans with Disabilities ordered by the Act, 42 U.S.C. S 12132, and Section 504 of the Rehabilitation Act, 29 Court. U.S.C. S 794, including the provision of reasonable accommodations and the modification of discriminatory policies and practices.

8. Reasonable attorney's fees and liägation costs pursuant to 42 U.S.C. 5 In an amount to be 19880), 42 U.s.c. 5 12205 (ADA), and 29 U.s.c. 5 794a (Secäon 504). determined by the Court upon application.

9. Pre-judgment and post-judement interest on all monetary awards, at As determined by the maximum rate permitted by applicable law. the Court.

**# Category of Damages** **Estimated**

Amount 10. Such other and further relief, legal or equitable, as this Court deems As determined by just, necessary, and proper under the circumstances. the Court

# Plaintiff Requests:

**WHEREFORE,** Plaintiff Permon Thomas respectfully requests that this Court enter judgement in his favor and against all Defendants, and award the following relief:

A. Declaratory Relief

I . A declaration that Defendants' actions violated:

o Title Il of the Americans with Disabilities Act;

o Section 504 of the Rehabilitation Act;

o Plaintiffs rights under the First and Fourteenth Amendments;

() 42 U.s.c. S 1983.

A declaration that Defendants' policies, customs, and practices regarding medical restoration, informed choice, IPE development, delay and denial of surgery and retaliation are unlawful.

B. Injunctive Relief

An injunction requiring Defendant VR to:

**a.** Comply with ADA Title Il and Section 504 in all interactions with Plaintiff; **b.** Cease all forms of retaliation against Plaintiff; **c.** Provide Plaintiff with full informed choice in all VR services; **d.** Provide Plaintiff with all VR rules, rights, and IPE participation materials; **e.** Reform its medical restoration procedures to prevent future unlawful delays; **f.** Train all VR counselors and supervisors on ADA/504 compliance; **g.** Prohibit the use of fabricated rules, unlawful conditions, or arbitrary delays; **h.** Remove retaliatory notes from Plaintiffs VR file; **i.** Ensure Plaintiffs self-employment program proceeds without disability-based barriers.

C. Compensatory Damages

Compensatory damages for:

o physical pain and suffering;

o mental and emotional disfress,

o loss of dignity;

o loss of employment opportunities;

o financial losses;

o delays in medical care;
o delays in self-employment progress;
o all other economic and non-economic damages proven at trial.

D. Punitive Damages

Punitive damages against the individual Defendants (Milks, LeMay, Jones, Lyons) for their intentional, malicious, and reckless disregard of Plaintiffs constitutional rights.

E. Attorney's Fees and Costs

Reasonable attorney's fees, litigation expenses, and costs under:
0 42 U.s.c. 1988;
0 29 US.C. 794a;
0 42 U.S.C. 12205;
0 any other applicable authority.

F. Any Other Relief

Any further relief the Court deems just, proper, and equitable.

---

**VI. Certification and Closing**

Under Federal Rule of Civil Procedure I I, by signing below, I certificate to the best of my knowledge, information, and belief that this complaint: **(l)** is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; **(2)** is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; **(3)** the factual contentions have evidentiary support or, if

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and **(4)** the complaint otherwise complies with the requirements of Rule I I ,

A.For Parties Without an Attorney

I agree to provide the Clerk's Off[ce with any changes to my address where case—related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case

Date of signing: 8/27/2026

Signature of Plaintiff /s/ PERMON THOMAS

Printed Name of Plaintiff Permon Thomas

3044 Broadway

Forty Myers, Fla. 33901

813-897-4736

Permonthomas@gmail.com