UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PERMON THOMAS,

Plaintiff,

v. Case No.: 2:26-cv-2546-SPC-KRH

FLORIDA DEPARTMENT OF EDUCATION, *et al.*,

Defendants.

---

**OPINION AND ORDER**

Before the Court is pro se Plaintiff Permon Thomas' complaint. (Doc. 1). Because the complaint is an incoherent shotgun pleading, the Court dismisses it without prejudice and with leave to amend.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792 F.3d 1316, 1321–23 (11th Cir. 2015) (defining the four types of shotgun pleadings). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277

(11th Cir. 2008). "[D]istrict courts have a duty to sua sponte order repleading when faced with a complaint that can be characterized as 'shotgun.'" *Bourjolly v. Werner Auto. Holdings*, No. 6:25-CV-15-DCI, 2026 WL 1004619, at *2 (M.D. Fla. Apr. 14, 2026) (collecting cases).[1]

Even liberally construed, the 73-page complaint is a shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Given its incoherence, Defendants cannot form a responsive pleading. Indeed, the Court is unable to decipher it. *See Battise v. U.S. Bank Nat'l Ass'n*, No. 4:24-CV-49, 2025 WL 1900008, at *3 (S.D. Ga. July 9, 2025) (finding shotgun pleading because "the Court cannot decipher what claims [the plaintiff] asserts against Defendant, much less the supposed legal and factual bases for those claims"); *Seoane v. Derenthal*, No. 6:23-CV-1906-WWB-RMN, 2023 WL 12082460, at *3 (M.D. Fla. Oct. 27, 2023), *report and recommendation adopted*, 2024 WL 5681627 (Jan. 11, 2024) ("Even construing the Complaint liberally to account for Plaintiff's pro se status, the Court cannot decipher the grounds upon which Plaintiff wishes to specifically sue each of the twenty-six named Defendants."); *Weinstein v. City of N. Bay Vill.*, 977 F. Supp. 2d 1271,

[1] The Court construes Plaintiff's complaint liberally. *See Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

1285 (S.D. Fla. 2013) ("Shotgun pleadings are those which are confusing, incoherent, or repetitive.").

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Even so, in non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). This is Plaintiff's chance.

Plaintiff is reminded that his amended complaint will supersede his original complaint; therefore, the Court will not read the amended complaint in tandem with any previous complaints. *Holmes v. Equifax Info. Sol.*, No. 1:21-CV-1457-MHC-AJB, 2021 WL 2557205, *5 (N.D. Ga. Apr. 19, 2021). Thus, in the amended complaint, Plaintiff should ensure that he raises all of the claims that he wishes to bring against Defendants and includes all facts supporting those claims.

The amended complaint must also comply with the Federal Rules of Civil Procedure, including Rules 8 and 10, and all Local Rules. Although he is proceeding pro se, Plaintiff is not exempt from the basic rules of pleading. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Loren v. Sasser*, 309

F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules."). Under Rule 8, a complaint must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought. Fed. R. Civ. P. 8. Under Rule 10, Plaintiff's allegations must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10. Thus, Plaintiff should state all facts on which he relies to support his claims in sequentially numbered paragraphs. Plaintiff must also comply with the typeface requirements of Local Rule 1.08, which require, among other things, that the amended complaint be double-spaced.

In addition, although Plaintiff's pleading need not set forth detailed factual allegations, Plaintiff must provide more than mere labels and conclusions, and Plaintiff's factual allegations must be enough to state a plausible claim for relief. If Plaintiff does not file a proper amended complaint as directed in this Order, the Court may dismiss this case.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

2. On or before **October 13, 2026**, Plaintiff must file an amended complaint that corrects the deficiencies outlined above. **Failure to comply may result in the Court dismissing and closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on September 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record